# In the United States Court of Federal Claims

No. 14-938C
(Filed: January 8, 2015)

```
* * * * * * * * * * * * * * * * * * * * * * * *
```
RICHARD DEAN HAMONTREE,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.
```
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
JAN -8 2015
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

    Plaintiff, appearing *pro se*, alleges in his complaint that the federal government has failed to protect the rights of persons who receive social security benefits by borrowing money from the social security program and using it to fund other obligations of the federal government. Plaintiff requests an order directing the executive branch to provide plaintiff with an accounting of the social security funds. Plaintiff estimates that two trillion dollars are missing from social security accounts. The complaint states that it is the responsibility of Congress to return that amount of money to the proper social security accounts. Presumably plaintiff seeks an order directing the money to be replaced. Along with his complaint, plaintiff filed a motion for leave to proceed *in forma pauperis*.

    Defendant moved to dismiss the complaint for lack of jurisdiction for four reasons: (1) plaintiff lacks standing to challenge the funding of social security benefits, or lack thereof; (2) plaintiff has not pled a statutory or other affirmative right to the money sought; (3) even if plaintiff is alleging a personal right to any particular sum of the allegedly misappropriated money, claims for social security benefits belong in the district courts; and lastly, (4) plaintiff's requests for information regarding the social security accounts should be considered to be FOIA requests this court does not have power to adjudicate.

In response to defendant's motion to dismiss, plaintiff attempted to file a document in which he acquiesces to the dismissal of his original complaint but asks the court to file in its place an attached new complaint. The new complaint cites the Constitution, Article I, section 9 as the source of money-mandating law violated by the misuse of social security funds by other federal agencies and particularizes the damages sought by plaintiff himself: $200 for each year that funds were removed from the social security accounts, an additional $1.00 for each member of congress for each year that funds were improperly removed, and for $200,000 to compensate plaintiff for his time, materials, and other costs in pursuing this suit. The clerk's office rejected that filing as improper because plaintiff needs leave to amend while a motion to dismiss is pending. *See* RCFC 15. In light of plaintiff's *pro se* status, we treat that filing as a motion for leave to file an amended complaint, and grant the motion. Accordingly, we will *sua sponte* examine the amended complaint, which supplants the original complaint. Defendant need not re-file a motion to dismiss or otherwise respond to it, however, because it is evident on the face of the amended complaint that this court lacks jurisdiction over the allegations contained therein.

The Tucker Act, this court's primary grant of jurisdiction, affords us the authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). What this means is that plaintiff must allege that there is a constitutional, statutory, or regulatory provision that directs that he is presently owed some amount of money or that he has a contract with the government under which he is owed payment.

Plaintiff identifies clause 7 of section 9 of Article I of the Constitution as having been violated. That provision states that "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law; and a regular Statement and Account of the Receipts and Expenditures of all public Money shall be published from time to time." U.S. Const. art. I, § 9, cl. 7. That, however, does not direct the payment of money to anyone. Rather, it is a limitation on the government's ability to spend money. As such, it does not meet the Tucker Act's requirement for jurisdiction in this court.

Plaintiff also alleges that the social security program generally is a contract between the government of the United States and its citizens. That

theory, however, has been routinely rejected by this court, the Federal Circuit, and the Supreme Court. *See, e.g., Flemming v. Nestor*, 363 U.S. 603, 610 (1960); *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). Any right to money under the Social Security Act is purely a statutory one, and any review of actions taken by the Social Security Administration is reviewed solely by administrative process and eventually the district courts as laid out in the Social Security Act itself. *See* 42 U.S.C. § 405 (2012).

Accordingly, the following is ordered:

1. The motion for leave to proceed *in forma pauperis* is granted.

2. The clerk's office is directed to file and grant plaintiff's motion for leave to file an amended complaint.

3. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

4. Defendant's motion to dismiss the original complaint is denied as moot.

*[signature]*
ERIC G. BRUGGINK
Judge